IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

1. UNITED STATES OF AMERICA

          **Plaintiff,**

v.

1. BRANDI N. WOLFE, TRUSTEE OF THE STEPHENS FAMILY TRUST DATED APRIL 7 of 1987;
2. THE STEPHENS FAMILY TRUST DATED APRIL 7 of 1987;
3. OCCUPANTS OF THE PREMISES OF 11904 W. 91st STREET, SAPULPA, OK 74066;
4. CYNTHIA ANN WOLFE, A/K/A CYNTHIA ANN SIMMONS; and
5. JOHNNY R. WOLFE;

          **Defendants.**

Case No.   23-cv-00213-CVE-SH

## COMPLAINT TO QUIET TITLE

Plaintiff, the United States of America, on behalf of the Department of Housing and Urban Development (HUD), states as follows:

### JURISDICTION

1. This Court has jurisdiction over this quiet title action pursuant to 28 U.S.C. § 1331 and 1345 and for declaratory judgment pursuant to 28 U.S.C. §2201 et seq.

2. This action is brought by the United States on behalf of HUD to vindicate its rights and to quiet title to a HUD-owned property as described below.

## VENUE

3. Venue is proper in this Court because the cause of action accrued in Creek County, Oklahoma which is in the Northern District of Oklahoma, pursuant to 28 U.S.C. §1391(b)(2).

## FACTS

4. HUD is the owner of 11904 West 91st Street, Sapulpa, Creek County Oklahoma (the Property). The Property is further described as:

> A tract of land beginning at the Northeast Corner of the West Half of the North Half of the West Half of the East Half of the Northwest Quarter of the Northeast Quarter (W/2 N/2 W/2 E/2 NW/4 NE/4) in Section 22, Township 18 North, Range 11 East of the Indian Base and Meridian, thence South 658.35 feet; thence West 40.0 feet; thence North 350.0 feet; thence West 110.0 feet; thence North 170.0 feet; thence East 115.0 feet; thence North 138.35 feet; thence East 35.0 feet to the point of beginning, all in Creek County, State of Oklahoma, according to the United States Government Survey thereof.

5. Petition to foreclose was filed in Creek County on September 22, 2011, by Mortgage Clearing Corporation. Journal Entry of Judgment was granted, and the Sheriff sale occurred on October 11, 2012. The property was conveyed to HUD via Sheriff's deed recorded on June 16, 2022. (Ex. A).

6. HUD became the owner of the Property via Sheriff's Deed, dated November 30, 2012, pursuant to its authority under the National Housing Act, 12 U.S.C. §1710(a)(1)(B), et seq. A copy of HUD'S Sheriff's Deed was recorded June 16, 2022, Document I-2022-008186, Book 1383, Page 48, in the land records of the

Creek County Clerk. (Ex. A).

7. HUD has been in lawful and continuous possession of the Property since it became the owner.

8. After HUD became owner of the Property, a document entitled "General Warranty Deed" was recorded on December 16, 2022, with the Creek County Clerk as document number 1-2022-016407, Book 1414 at Page 38. (Ex. B). The document, signed on August 24, 2022, states that "Johnny R. Wolfe and Cynthia Anna Wolfe" purports to "grant, bargain, sell, and convey" for $10,000 the Property to "Brandi N. Wolfe, Trustee of the Stephens Family Trust". (Ex. B).

9. At the time of the filing of said General Warranty Deed, Defendants Johnny R. Wolfe and Cynthia Anna Wolfe, did not own, or otherwise have any interest in, the Property. The so-called "General Warranty Deed" is invalid and has no effect on the Property.

10. HUD first learned about the invalid General Warranty Deed when it was trying to sell the property. On November 30, 2022, HUD went under contract to sell the Property. During the closing process, the purchaser's closing company disclosed to HUD that it discovered the existence of the invalid General Warranty Deed during its title review. As a result, the sale could not close until title to the property was either quieted against any adverse claim arising from the invalid General Warranty Deed or the grantee released any claim under that invalid deed. HUD's sales contract was cancelled by mutual agreement of the parties on February 22, 2023. The invalid General Warranty Deed has created a cloud on the title that

prevents HUD from selling the Property.

## QUIET TITLE

11.   Paragraphs 1 through 10 are re-alleged as though fully set forth herein.

12.   HUD has owned the Property since it obtained the Sheriff's Deed on November 30, 2012.

13.   HUD is entitled to a judgment quieting title to the Property as there is a genuine controversy concerning the title of the Property.  Title 12, Okla. Stat., § 1141.

14.   The Court should determine that the Plaintiff is the owner of the subject Property and that the title hereby be quieted as to the General Warranty Deed Document number I-2022-016407.

## CONCLUSION

WHEREFORE, the United States demands and prays that judgment is entered in its favor and against Defendants as follows:

a. Enter a Final Judgment quieting title of the Property in HUD, and providing that title to the Property is vested in Secretary of Housing and Urban Development and further providing that Defendants be declared to have no estate, right, title, or interest in the Property and be barred from recording documents in or with the Court Clerk of Creek County regarding the Property now or in the future without prior approval of the Court; and

b. To all other relief, including attorney fees and costs, to which the United States may be entitled.

Dated this 24th day of May, 2023.

                        RESPECTFULLY SUBMITTED

                        CLINTON J. JOHNSON
                        UNITED STATES ATTORNEY

                        **JEFFREY A. GALLANT, OBA #18509**
                        Assistant United States Attorney
                        110 West Seventh St., Suite 300
                        Tulsa, Oklahoma 74119-1013
                        Jeff.Gallant@usdoj.gov
                        (918) 382-2700

I-2022-008186  Book 1383 Pg 48
06/16/2022 12:36pm  Pg 0048-0049
Fee: $20.00  Doc: $0.00
Jennifer Mortazavi - Creek County Clerk
State of OK

Grantee:  HUD
Attn: Single Family Property Disposition Branch
c/o Information Systems & Networks Corporation
Shepherd Mall Complex
2401 N.W. 23rd St., Ste. 1D
Oklahoma City, OK 73107

97342

Return to:  Law Associates, Inc.
5800 S. Lewis Ave., Ste. 271
Tulsa, OK 74105-7109

## SHERIFF'S DEED

WHEREAS, in Case Number CJ-2011-457, Mortgage Clearing Corporation vs. Cynthia Ann Wolfe a/k/a Cynthia A. Wolfe a/k/a Cynthia A. Stephens, or the unknown successors thereof; John Doe, Spouse of Cynthia Ann Wolfe a/k/a Cynthia A. Wolfe a/k/a Cynthia Ann Stephens, if any; Colorado Capital Investments, Inc.; Covenant Federal Credit Union; Elizabeth A. Scott; Bryan A. Scott and Lawrence A. Axelson, or the unknown successors thereof, in The District Court of Creek County, Oklahoma, in an action to foreclose a mortgage lien on the hereafter described property, a judgment was granted on August 19, 2021 to Plaintiff in the sum of $135,259.68 principal, interest from the 1st day of March 2011 in the amount of $20.38 daily, late charges in the amount of $520.08, escrow shortage of $3,917.13, abstracting and any other advancements made by Plaintiff for protection and preservation of the property in the amount of $1,230.86, attorney's fees in the amount of $1,800.00, and the costs accrued and accruing, and the property was ordered sold to satisfy the judgment. Pursuant to a Special Execution and Order of Sale the Sheriff of Creek County, Oklahoma, levied upon the property and on September 4, 2012, sold it to Mortgage Clearing Corporation, for the sum of $135,000.00, which was the highest and best bid offered. The sale was duly confirmed by the District Court of Creek County, Oklahoma, and a deed was ordered to be issued to The Secretary of Housing and Urban Development, his successors and assigns, Attention: Single Family Property Disposition Branch, c/o Information Systems & Networks Corporation, Shepherd Mall Complex, 2401 N.W. 23rd St., Ste. 1D, Oklahoma City, OK 73107, the agency insuring the mortgage and to whom all rights have been assigned.

NOW THEREFORE, the undersigned Sheriff of Creek County, Oklahoma, in consideration of the premises, does hereby grant, bargain, sell, and convey unto The Secretary of Housing and Urban Development, his successors and assigns, Attention: Single Family

EXHIBIT A

Property Disposition Branch, , the
following described property:

> A tract of land beginning at the Northeast corner of the West Half of the North Half of the West Half of the East Half of the Northwest Quarter of the Northeast Quarter (W/2 N/2 W/2 E/2 NW/4 NE/4) in Section 22, Township 18 North, Range 11 East of the Indian Base and Meridian, thence South 658.35 feet; thence West 40.0 feet; thence North 350.0 feet; thence West 110.0 feet; thence North 170.0 feet; thence East 115.0 feet; thence North 138.35 feet; thence East 35.0 feet to the point of beginning, all in Creek County, State of Oklahoma, according to the United States Government Survey thereof,

to have and to hold the same with all and singular the tenements, hereditaments, and appurtenances thereto forever.

Witness my hand and seal this 30 day of November, 2012.

_____
Sheriff of Creek County

State of Oklahoma

County of Creek

The foregoing instrument was acknowledged before me this 30 day of November, 2012, by Steve Toliver, Sheriff of Creek County, Oklahoma.

_____
Notary Public

My Commission Expires:



I-2022-008186  Book 1383 Pg 49
06/16/2022 12:36pm  Pg 0048-0049
Fee: $20.00  Doc: $0.00
Jennifer Mortazavi - Creek County Clerk
State of OK

Exempt Documentary Stamp Tax OS Title 68, Article 32 Section 3201 or 3202, Paragraph 12.



**NO OKLAHOMA DOCUMENTARY STAMPS REQUIRED**

I-2022-016407   Book 1414 Pg 38
12/16/2022 1:32pm Pg 0038-0039
Fee: $20.00   Doc: $0.00
Jennifer Mortazavi - Creek County Clerk
State of OK



Form 6 - Copyright© by BURKHART'S Legal Forms (Since 1905) - Tulsa, OK

Mailing Address 11904 W 91st Street, Sapulpa OK 74066   (for Filing Only)

# General Warranty Deed
(with Survivorship Clause)

THIS INDENTURE, Made this ___ day of August, 2022 between Johnny R. Wolfe and Cynthia Ann Wolfe, Now Divorced, and Johnny R. Wolfe and Cynthia A. Simmons as Individuals parties of the first part, and Brandi N. Wolfe, Trustee of the Stephens Family Trust Dated April 7th of 1987 _____ with the right of survivorship as hereinafter set out, part ie of the second part.

WITNESSETH: That in consideration of the sum of Ten and no/100 -- ($10.00) -- _____ DOLLARS, and other good and valuable considerations, receipt whereof is hereby acknowledged, said part ___ of the first part doeS by these presents grant, bargain, sell and convey unto Said parties of the Second part _____ , as joint tenants, and not as tenants in common, on the death of one, the survivor, the heirs and assigns of the survivor, to take the entire fee simple title, the following described real estate situated in Creek County, State of Oklahoma, to-wit:

See ATTATCHED EXHIBIT "A"

TO HAVE AND TO HOLD the same as joint tenants, and not as tenants in common, with the fee simple title in the survivor, the heirs and assigns of the survivor, together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in any wise appertaining forever.

And said parties of the first part _____ their heirs, _____ successors, grantees, executors, and administrators, doeS hereby covenant and agree to and with said parties of the second part that, at the delivery of these presents, It _____ is/are lawfully seized of an absolute and indefeasible estate of inheritance in fee simple, of and in, all and singular, the above granted and described premises, with the appurtenances; that the same are free, clear and discharged and unencumbered of and from all former and other grants, titles, charges, judgements, estates, taxes, assessments and encumbrances of whatsoever nature and kind, EXCEPT: Easements, building restrictions of record and special assessments not yet due;

and that parties grantor will WARRANT AND FOREVER DEFEND the same unto said parties of the second part, their heirs, successors and assigns against said parties of the first part, their heirs, successors and assigns, and all and every person or persons whomsoever, lawfully claiming, or to claim the same.

IN WITNESS WHEREOF, parties of the first part, ha S executed or caused to be executed this instrument the day and year first above written.

_Johnny R. Wolfe_     _Cynthia A. Simmons_

STATE OF OKLAHOMA } ss   (Individual Acknowledgment)
County of Tulsa

Before me, the undersigned, a Notary Public, in and for said County and State, on this 24 day of August, 2022, personally appeared Johnny R. Wolfe and Cynthia A. Simmons to me known to be the identical person S who executed the within and foregoing instrument, and acknowledged to me that _____ executed the same as _____ free and voluntary act and deed for the uses and purposes therein set forth.

IN WITNESS WHEREOF, I hereunto set my official signature and affixed my notarial and year last above written.

My commission expires:

05-18-2025     _Brittany M_____  Notary Public

EXHIBIT B

EXHIBIT "A"

(Legal Description of Property)

A tract of land beginning at the Northeast Corner of the West Half of the North Half of the West Half of the East Half of the Northwest Quarter of the Northeast Quarter (W/2 N/2 W/2 E/2 NW/4 NE/4) in Section 22, Township 18 North, Range 11 East of the Indian Base and Meridian, thence South 658.35 feet; thence West 40.0 feet; thence North 350.0 feet; thence West 110.0 feet' thence North 170.0 feet; thence East 115.0 feet; thence North 138.35 feet ; thence East 35.0 feet ot the POINT OF BEGINNING; all in Creek County, State of Oklahoma, according to the United States Government Survey thereof.



I-2022-016407   Book 1414 Pg 39
12/16/2022 1 32pm  Pg 0038-0039
Fee $20.00  Doc $0.00
Jennifer Mortazavi - Creek County Clerk
State of OK

.. 597

CLOSINGS OF TULSA
5711 E 71ST STE100
TULSA  OK  74136